GILL ET UX *vs.* HUDSON.

WESTERN DIST.
*Oct.* 1838.

GILL ET UX.
*vs.*
HUDSON.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE OF THE SEVENTH PRESIDING.

Service of the petition and citation of appeal on a particular person, *as the " administrator" of the defendant,* when there is nothing in the record to show that he really is administrator, or has the capacity to represent the heirs, *is insufficient,* and the appeal will be dismissed.

This case comes up on a motion to dismiss the appeal.

On the 22d day of October, 1829, the plaintiffs instituted their petitory action, against Jesse Hudson, for the recovery of sixteen hundred arpents of land. The suit was continued from term to term until April, 1835, when the court made the following order : " The death of the defendant being suggested, it is ordered that this suit be revived against his heirs and legal representatives."

Service of this order was made on a person purporting to be the administrator of Hudson.

At the following October term, an answer was put in as follows :

" The heirs and legal representatives of Jesse Hudson, deceased, come into court by their counsel, and deny all and singular the allegations in plaintiffs' petition contained, and pray to be hence dismissed, etc."

(Signed)    WINN & DUNBAR.

Final judgment was rendered in favor of the " *defendant,*" from which the plaintiffs appealed. " The appeal bond was given to the heirs and legal representatives of the late Jesse Hudson, deceased." The sheriff returned service of the citation and petition of appeal, as made on J. H. Hynson, administrator of the estate of Jesse Hudson, deceased, in person, etc."

*Winn* and *Dunbar,* moved to dismiss the appeal because there was no legal appeal bond.

2. There is no service of citation and petition of appeal, and none ever legally issued ; and that the proper persons have not been made parties according to law.

WESTERN DIST.
Oct. 1838.

GILL ET UX.
*vs.*
HUDSON.

Service of the
petition and ci-
tation of appeal
on a particular
person, as the
"administrator"
of the defendant,
when there is
nothing in the
record to show
that he really is
administrator, or
has the capacity
to represent the
heirs, is insuffi-
cient, and the
appeal will be
dismissed.

*Barry, Brewer* and *Elgee,* contra.

*Carleton J.* delivered the opinion of the court.

A motion is made by the appellees to dismiss the appeal in this case, on the following grounds, viz :

1. There is no legal appeal bond.

2. There is no service of citation, and none ever issued, and that the proper persons have not been made parties according to law.

It appears that the defendant died pending the suit in the court below, and on his death being suggested, his " *heirs and legal representatives,*" were made parties defendant.

The citation of appeal is addressed to the "representatives of Jesse Hudson," upon which the sheriff made the following return :

" Received Tuesday 25th August, 1838, and duly served J. H. Hynson, administrator of the estate of Jesse Hudson, in person, with a copy of this citation and petition, this 5th day of September, 1838.

(Signed)        " SIMON HAIRE, *Dep. Sheriff.*"

This service of. citation is plainly insufficient.   The name of Hynson is no where to be found in the record, except in the sheriff's return.   Whether he be really the administrator of the estate of the deceased, or has the capacity to represent the heirs, does not appear.

As we are of opinion that the appeal must be dismissed on the second objection taken by appellees, it becomes unnecessary to notice the first.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed at the cost of the appellants.